IN the MATTER OF the BAR ADMISSION OF: Stephen Brian
MANION.

Supreme Court

*No. 95–1474–BA. Submitted on briefs November 2,
1995.—Decided November 29, 1995.*

(Also reported in 540 N.W.2d 186.)

PER CURIAM. This is a review of the decision of the Board of Bar Examiners (Board) declining to certify that Steven Brian Manion has established the requisite character and fitness for admission to the Wisconsin bar because of his alcohol and cocaine addictions and his history of unsuccessful treatment efforts. Mr. Manion contended that the Board improperly relied on certain facts to support its decision and failed to take into account other facts favorable to him. If it does not reverse the Board's decision, Mr. Manion requested that the court specify the circumstances under which he may reapply for bar admission and satisfy the character and fitness requirement.

We determine that the Board's decision declining to certify Mr. Manion for bar admission is proper, based on the evidence of his addictions and treatment history. In order to satisfy the character and fitness requirement for bar admission,[1] Mr. Manion must establish to the court's satisfaction that his addictions are being controlled successfully and do not pose a threat to the interests of those who would retain him to represent them in the legal system or to his conscientious, trustworthy functioning as an officer of the Wisconsin courts. Mr. Manion may do so by demonstrating continued sobriety and abstinence from

---

[1] SCR 40.06 provides, in pertinent part:

**Requirement as to character and fitness to practice law.**
 (1) An applicant for bar admission shall establish good moral character and fitness to practice law. The purpose of this requirement is to limit admission to those applicants found to have the qualities of character and fitness needed to assure to a reasonable degree of certainty the integrity and the competence of services performed for clients and the maintenance of high standards in the administration of justice.

controlled substances and regular attendance at treatment programs addressing his alcohol and cocaine addictions for a period of two years, dating from the addiction assessment performed at the request of the Board. The record reflects Mr. Manion's commitment to rehabilitation following his recent treatment, and we encourage him to pursue that goal and reapply for bar admission upon satisfaction of the condition we impose.

In this review, Mr. Manion contested the Board's reliance on and emphasis of certain facts; the facts themselves are undisputed. Following graduation from Cornell University School of Law in 1975, Mr. Manion was admitted to the New York bar and worked as an associate in a law firm in Buffalo until August, 1977. From then until January, 1982, he served as assistant secretary and counsel of a New York corporation and moved to another corporation as counsel, where he remained until November, 1990. His abuse of alcohol and cocaine reached the addictive stage in 1987 and worsened thereafter. At his request, his employer transferred him in mid-1990 to the position of general manager of an enterprise in Green Bay, Wisconsin, where he served until the business closed in December, 1993.

While in Green Bay, following his conviction in June, 1991 of driving while intoxicated, Mr. Manion completed a rehabilitation program. Following that treatment, he relapsed on cocaine three times during 1991 but remained drug free from the end of that year through the end of 1993.

When his job as manager of the Green Bay operation ended following its bankruptcy, Mr. Manion returned to Buffalo, New York, where he engaged in private law practice in a two-person firm. He relapsed

on cocaine in late December, 1993 and used cocaine on a few occasions the following month and then used it regularly during February and March, 1994. Thereafter, he completed a relapse program in Pennsylvania, after which he returned to Wisconsin and entered a residential treatment program in Green Bay. While in that program, Mr. Manion applied to write the July, 1994 Wisconsin bar exam, which he passed. After he left the treatment program in June, 1994 and until early January, 1995, Mr. Manion had individual therapy sessions with mental health counselors, who identified his need for continued involvement in recovery programs.

As part of the bar admission application process, the Board required Mr. Manion to undergo an alcohol and drug assessment, which he did November 17, 1994 at the McBride Center for the Professional in Madison. That assessment diagnosed Mr. Manion as cocaine and alcohol dependent in remission with an extensive history of numerous efforts at recovery with relapse. The assessing physician concluded that Mr. Manion was "only peripherally engaged" in a recovery program and had chosen to avoid Narcotics Anonymous and Cocaine Anonymous as a way to isolate himself from the severity of his illness.

The physician stated that he would not have reservations about Mr. Manion's ability to engage in the practice of law as long as he continued involvement in a recovery program. The physician further recommended that in addition to obtaining a local sponsor and becoming involved in Narcotics Anonymous, Mr. Manion undergo periodic urine drug screens to document sobriety.

The director of the McBride program, at the request of Mr. Manion's counsel, submitted a letter

supporting Mr. Manion's ability to practice law. She noted that he had abstained from mood altering drugs since March, 1994, strengthened his recovery program significantly upon entering treatment at the McBride Center, and committed to a full aftercare program consisting of weekly urine screens and weekly individual and group therapy. The director stated her opinion that Mr. Manion is "fully capable of practicing law at this time and maintaining the highest standards of excellence in his practice." She added that the Center would continue to work with him and would notify the Board if any significant problem arose in order that corrective action could be taken.

Having considered the foregoing, the Board made findings of fact on which it concluded that Mr. Manion had not met his burden of establishing the requisite character and fitness for bar admission. The facts set forth by the Board as the basis for that conclusion included the following: Mr. Manion's admitted abuse of cocaine and alcohol while employed in the practice of law from 1987 to March, 1994; his return to the abuse of controlled substances while in the practice of law after periods of abstinence ranging from several months to two years, notwithstanding hospitalization and treatment during those periods; four specified treatments he received for his addictions since April, 1991; the need identified by the assessing physician for his continued involvement in recovery programs, particularly those addressing substance abuse, which he had avoided in the past. The Board noted that Mr. Manion's asserted abstinence from controlled substances since March, 1994 is for a period shorter than prior periods of abstinence that were followed by his return to controlled substance abuse requiring hospitalization or other treatment.

234

Mr. Manion did not dispute the Board's findings of fact but objected to what he considered the implications and suggestions inherent in those findings. He asserted that the findings falsely suggest that his substance abuse had an adverse impact on his practice of law, contrary to the report of the New York disciplinary authorities that no complaints or disciplinary proceedings had been brought against him and the absence of any evidence that his corporate employment had been affected. He also contended that by implication the Board determined that his need for continued treatment establishes that he has not been rehabilitated and that it presumes he will relapse because he has done so in the past.

None of those contentions has merit, nor does Mr. Manion's insistence that the Board has "seemingly" concluded that substance abuse is a moral lapse rather than a treatable disease. Further, there is nothing in the record to support Mr. Manion's attribution of "attitudes, experiences and prejudices" to the Board as the explanation for its decision to decline certification of his character and fitness to practice law.

The Board gave appropriate consideration to Mr. Manion's repeated abuse of alcohol and cocaine while employed in the legal profession as a private practitioner and as corporate counsel, as well as his return to substance abuse following lengthy periods of abstinence, even after hospitalization and treatment. The findings of the Board in those respects are supported by the record and undisputed. Notwithstanding the Board's erroneous assertion that its determination that Mr. Manion failed to establish the character and fitness requirement for bar admission is a discretionary decision and not a conclusion of law to which the

court would owe no deference, we agree with that determination.

The Board acknowledged that Mr. Manion has abstained from controlled substances for over a year but, on the basis of the court's decisions in disciplinary proceedings involving attorney alcoholism and drug addiction, it concluded that a longer period of abstinence is required to establish his fitness to be admitted to the practice of law. The Board correctly noted that it is for the court, not the Board, to establish conditions by which an applicant may satisfy the character and fitness requirement for bar admission.

We determine that the appropriate condition to impose under the circumstances presented is Mr. Manion's continuous abstinence from alcohol and controlled substances for a period of two years, dating from the November 17, 1994 assessment and demonstrated by monthly random drug screens, with the results furnished to the Board, and his regular attendance at treatment programs addressing his alcohol and cocaine addictions during that period.

*By the Court.*—The decision of the Board of Bar Examiners is affirmed.